IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

| | | |
|---|---|---|
| In re: | ) | Case No 18-13869 |
| | ) | |
| **Christopher A Eldridge** | ) | Chapter 13 |
| | ) | |
| Debtor(s). | ) | Judge Arthur I. Harris |
| | ) | |
| | ) | **OBJECTION TO THE CONFIRMATION** |
| | ) | **OF THE PLAN (DOCKET #4 )** |
| | ) | |

   **NOW COMES** Hatrick Holdings, LLC, a creditor in the within proceeding by and through counsel, and objects to the proposed Chapter 13 Plan (the "Plan") for the following reasons:

   1)  Hatrick Holdings, LLC has two (2) Tax Certificates in regards to the real property located at 440 East 149th Street, Cleveland, OH 44110, (PPN: 112-20-033).

   2)  The current principal balance for Tax Certificate No. B2011-1-549 is $3,587.86 plus interest thereon at the certificate rate of 18.00% from November 10, 2011. There is a suspense balance in the amount of $ 1,401.52.

   3)  The current principal balance for Tax Certificate No. S2012-1-416 is $1,945.15 plus interest thereon at the certificate rate of 18.00% from August 31, 2012.

   4)  The Chapter 13 Plan filed on June 28th, 2018, provides for Hatrick Holdings, LLC,(predecessor Woods Cove) in Section 3.2 of the Plan. This section of the plan lists $7.354.00, in association with the Cuyahoga County Treasurer, for the amount of claims that are senior to Hatrick Holdings, LLC's secured claims. However, Hatrick Holdings, LLC holds the first and best liens in regards to the property located at 440 East 149th Street, Cleveland, OH 44110. Pursuant to O.R.C.§5721.35 (A), "Upon the sale and delivery of a tax certificate, the tax certificate vests in the certificate holder for the first lien previously held by the state and its taxing districts under section 5721.10 of the Revised Code for the amount of taxes, assessments, interest, and penalty charged against a

certificate parcel, superior to all liens and encumbrances upon the parcel described in the tax certificate. . . ."

5) The amount listed as an arrearage in association with the Tax Certificates is $3,065.00, although there is additional language that indicates, "Unless otherwise ordered by the court, the amount of creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph," the amount listed is a severe underestimation of the amounts due at the time of bankruptcy filing.

6) The Tax Certificates, which are the evidence of the taxes owed by Debtor specifically, includes interest at the rate of 18.00%, which is the amount of interest Hatrick Holdings, LLC, claims it should receive. See Exhibits attached as ("A and B").

The "certificate rate of interest" is defined in O.R.C. Section 5721.30 (G) as the rate of simple interest per year not to exceed eighteen percent (sic) per year fixed by the county treasurer with respect to any tax certificate sold pursuant to a negotiated sale under section 5721.33 of the Revised Code (Emphasis added).

The Tax Certificates attached as Exhibits A &B clearly are signed and certified by the Cuyahoga County Treasurer or its Designee.

"Tax certificate sale/purchase agreement" is defined as the purchase and sale described in division (C) of section 5721.33 of the Revised Code setting forth the certificate purchase price, plus any applicable premium or less any applicable discount, including without limitation, the amount thereof to be paid in cash and the amount and nature of any noncash consideration, the date of delivery of the tax certificates, and the other terms and conditions of the sale, including, without limitation, the rate of interest that the tax certificates shall bear. O.R.C. 5721.30 (N) (Emphasis added).
The face of the tax certificate, which is a form prescribed by the Department of Tax Equalization of the State of Ohio unequivocally states that upon redemption, the certificate holder shall receive a payment equal to the tax certificate purchase price with the interest provided in sections 5721.30(F), 5721.33, or 5721.38, as applicable, over the period of time prescribed in sections 5721.30(K) and 5721.38, plus the

county treasurer's fee. Indeed, O.R.C. section 5721.30(F) defines "certificate redemption price" as the amount equal to the sum of the following:

(1) The Certificate Purchase Price;

(2) Interest accrued on the certificate purchase price at the certificate rate of interest from the date on which a tax certificate is delivered through and including the day immediately preceding the day on which the certificate redemption is paid;

(3) The fee, if any, charged by the county treasurer to the purchase of the certificate under division (J) of section 5721.33 of the Revised Code;

(4) Any other fees charged by any county office in connection with the recording of tax certificates.

Bankruptcy law also provided for the payment of interest on an allowed secured claim. 11 USC §506(b) provides that "To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose." (Emphasis added). In the case at hand, the value of PPN: 682-10-077("the property") is valued at $74,900.00 (See Exhibit Attached as "C"). Therefore, Hatrick Holdings, LLC has an oversecured claim for real estate taxes, and is entitled to interest at 18.00%, respectively.

Tax Lien Certificates, and their associated debt, including interest, fees, costs, etc., are against the property *in rem* and there is no *in personam* obligation. Consequently, these items that are not paid in full throughout the life of the bankruptcy cannot be discharged. Confirmation of the plan shall have no *res judicata* effect with respect to the amount of the claims under 11 U.S.C. §1327 or other applicable bankruptcy and/or non-bankruptcy law.

This Objection shall act as a standing and continuing objection to the current proposed plan of Debtor and any subsequent plan or plans which the Debtor may file.

**WHEREFORE,** Creditor prays that it be paid in full and it receive 18.00%, respectively on its the principal portion of its claims or in the alternative this Honorable Court deny the Confirmation of the Plan.

Respectfully submitted,

/s/ Austin B. Barnes, III
David T. Brady (0073127)
Suzanne M. Godenswager (0086422)
Andrew M. Tomko (0090077)
Austin B. Barnes III (0052130)
Brian S. Gozelanczyk (0090858)
Sandhu Law Group, LLC
1213 Prospect Avenue, Suite 300
Cleveland, OH 44115
216-373-1001
216-373-1002
abarnes@sandhu-law.com
***Attorney for Hatrick Holdings, LLC***

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 7th day of September, 2018, a true and correct copy of the foregoing Objection to the Confirmation of the Chapter 13 Plan filed by Hatrick Holdings, LLC was served via the Court's electronic case filing system on the following who are listed on the Court's Electronic Mail Notice List:

Melissa L. Resar
mresar@ohiolegalclinic.com
*Attorney for Debtor*

Lauren A. Helbling
ch13trustee@ch13cleve.com
*Trustee*

and by regular U.S. mail, postage prepaid, to:

Christopher A Eldridge
440 East 149th Street
Cleveland, OH 44110

/s/ Austin B. Barnes, III
David T. Brady (0073127)
Suzanne M. Godenswager (0086422)
Andrew M. Tomko (0090077)
Austin B. Barnes III (0052130)
Brian S. Gozelanczyk (0090858)